LUKE (VOSS v.). See Case No. 17,014.

LUKINS (U. S. v.). See Cases Nos. 15,638 and 15,639.

---

## Case No. 8,602.

### The LULIE D.

[4 Biss. 249.] [1]

District Court, D. Indiana. Aug., 1868.

JUDGMENT—ASSIGNMENT—PAYMENT WITHOUT NOTICE—SILENCE OF ASSIGNEE.

1. Payment to original judgment creditor, made at any time before the judgment debtor has notice that the judgment is assigned, is valid.

2. When a judgment debtor pays to the judgment creditor a part of the amount of the judgment by agreement between them that such payment shall operate as a full satisfaction, such agreement is void, as wanting a sufficient consideration.

3. When a judgment creditor assigned his judgment to a third person, and the debtor, hearing a rumor that the judgment has been assigned, but not understanding to whom it was assigned, applied to the assignee for information on that point, and the assignee refused to tell him who was the assignee: Held that, under such circumstances, the debtor might safely pay to the original judgment creditor.

In admiralty.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

McDONALD, District Judge. In a proceeding in admiralty in this court, Stephen Groves, on the 28th of February, 1868, recovered judgment for the sum of four hundred and fifty-nine dollars and twenty-nine cents. Pending this proceeding, divers other persons intervened for small claims against the steamboat Lulie D., and. on the same day, they recovered judgment for divers small sums respectively, amounting in the aggregate to two hundred and eight dollars and seventy-five cents.

The proceeding was originally in rem. Under it the vessel was seized. Afterwards, Anthony J. Cavender, the owner, under the provisions of the act of congress, filed a delivery bond with William Dunbridge and John M. Grace, as sureties thereto. Upon this, the steamer was redelivered to Cavender. On this condition of the case, the said judgments were, by virtue of the act of congress, rendered on the bond against Cavender, Dunbridge, and Grace. An execution has been issued on these judgments. On a petition filed on the 23rd of July, 1868, by Cavender, he now moves for the entry of satisfaction of these judgments, and for an order that the marshal return the execution. None of the judgment creditors, except Groves, make any opposition to this motion. Groves and one David D. Doughty appear by counsel and oppose it.

The evidence in support of the motion and in opposition to it is substantially as follows:

Cavender produces and proves the receipts of all the judgment creditors, except Henry Reno, acknowledging payment in full respectively of each judgment and costs, and directing the marshal to return the execution. He also produces the receipt of the clerk for all the costs taxed, and for thirty-three dollars and seventy-eight cents, the full amount of Henry Reno's judgment.

Doughty, who claims as assignee of the judgment in favor of Groves, produces and proves an assignment to him by Groves of this judgment, dated March 5, 1868. This assignment was not made of record and witnessed by the clerk, as required by the Indiana statute. 2 Gavin & H. 366.

It is proved that before Groves made said receipt to Cavender, which is dated June 26, 1828, Cavender heard a rumor that Groves had assigned said judgment to some person; but he did not hear to whom. Thereupon, Cavender applied to Doughty and to Doughty's attorney to learn to whom the assignment had been made. They both told him that the judgment had been assigned; but they refused to tell him the name of the assignee. Cavender never had notice that Doughty was the assignee till after he procured said receipt from Groves.

The assignment to Doughty was filed in the clerk's office among the papers of this case on the first of July, 1868. Doughty paid, in consideration of this assignment, only five dollars. Cavender paid to Groves, in consideration of the receipt acknowledging satisfaction of the judgment, only twenty dollars.

This is the substance of the whole proof; and the question is, what ought to be done under it?

As to those judgment creditors, who have respectively acknowledged satisfaction of their judgments, and who do not resist this motion, I have no hesitation in holding that satisfaction of their judgments ought to be entered. And the same may be said in regard to the judgment in favor of Henry Reno. But what shall be done in respect to the judgment in favor of Groves?

As to the assignment of this judgment to Doughty, I feel no difficulty. It was not made according to the provisions of the Indiana statute; consequently it has no effect other than what the common law gives to it. Cavender was not bound by it till he had notice of its existence. The rumor that came to his ears was no notice; it was not sufficient even to put a prudent man on inquiry, so as to make inquiry a duty. 4 Kent, Comm. 179; Flagg v. Mann [Case No. 4,847]; Foust v. Moorman, 2 Ind. 17. When Cavender applied to Doughty and his attorney for information on the subject of the assignment, they both refused to tell him to whom the judgment was assigned, though they then knew it was assigned to Doughty. This concealment on their part estops Doughty from insisting that Cavender had then notice of the assignment. It is like the case of the owner of property, aware of his rights, standing by and seeing it sold, and making no objections. Cavender had no notice of the assignment of the judgment till after his arrangement with Groves to satisfy it. The assignment, therefore, cannot affect the validity of that arrangement.

But was the arrangement itself valid as a full satisfaction of the judgment? The judgment was for four hundred and fifty-nine dollars and twenty-nine cents. Cavender paid on it twenty dollars, which was the only consideration on which Groves executed the receipt in which full satisfaction of the judgment is acknowledged.

It is undoubtedly the law that an agreement by a creditor to receive on a debt due him a less sum than the debt, though he actually accepts the less sum in full satisfaction of the whole debt, is a void agreement, as not being supported by a sufficient consideration. Such an agreement the present appears to be. Cavender could not, by paying twenty dollars on this judgment, satisfy it. This sum could go no further than its amount towards satisfying the judgment.

As to the motion to have the execution called in, I allow it. All the judgment creditors, except Henry Reno, whose judgment is fully paid, have under their hands ordered the marshal to return the execution. I think, therefore, that he ought to return it. And on the whole case, my decision is: That all

the judgments, except that in favor of Groves, be entered satisfied; that satisfaction to the amount of twenty dollars be entered as to the judgment in favor of Groves; that full satisfaction of all the costs that have been taxed be entered; and that the execution now in the hands of the marshal be forthwith returned to the clerk of this court. I further order and adjudge, that, as against each of the judgment creditors, Cavender recover the costs of this motion arising between him and them respectively; and that, as between Cavender and Groves, each pay his own costs.

Consult Cavender v. Grove [Case No. 2,530]; Booth v. Farmers' & Mechanics' Nat. Bank, 50 N. Y. 396; and Cumber v. Wane, 1 Smith, Lead. Cas. 646,—where the doctrine of satisfaction of judgments or other legal claims at less than their face is elaborately discussed and the authorities collated.